**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al*.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| George Miller, Chapter 7 Trustee for Akorn Holding Company LLC, *et al*,<br><br>Plaintiff,<br><br>v.<br><br>QUINCY COMPRESSOR LLC,<br><br>Defendant. | Adv. Proc. No. 25-50311 (KBO) |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**QUINCY COMPRESSOR LLC TO TRUSTEE'S COMPLAINT TO AVOID AND**
**RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550**
**AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendant Quincy Compressor LLC ("**Defendant**"), by and through its counsel, for its

Answer to the *Complaint* [Adv. D.I. 1] filed by George Miller as Chapter 7 Trustee (the "**Trustee**")

for Akorn Holding Company LLC and its affiliates (the "**Debtors**") states the following:

**NATURE OF THE CASE**

1.      Admitted in part; denied in part. The allegations of Paragraph 1 present legal

conclusions and questions of law to be determined solely by the Court, to which no answer is

required.  To the extent that a response is required, Defendant admits only that the Plaintiff filed

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. f/k/a Craig Holdings, Inc. (1506), JC Acquisition, Inc. f/k/a Jenny C Acquisition, Inc. (2395), JC Inter. Holdings, Inc. f/k/a Jenny C Intermediate Holdings, Inc. (3621) and JC Hold, LLC f/k/a Jenny C Holdings, LLC (4170).

the Complaint seeking certain relief as set forth in the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 1, which are therefore denied.

2.        Admitted in part; denied in part. The allegations of Paragraph 2 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant admits only that the Plaintiff filed the Complaint seeking certain relief as set forth in the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 2, which are therefore denied.

### JURISDICTION AND VENUE

3.        Denied.  The allegations of Paragraph 3 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 3, which are therefore denied.

4.        Denied.  The allegations of Paragraph 4 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 4, which are therefore denied.

5.        Denied.  The allegations of Paragraph 5 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 5, which are therefore denied.

6.        Denied.  The allegations of Paragraph 6 present legal conclusions and questions of

law to be determined solely by the Court, to which no answer is required. To the extent that a

response is required, Defendant is without knowledge or information sufficient to form a belief as

to the truth of the balance of the allegations in Paragraph 6, which are therefore denied.

7.      The allegations of Paragraph 7 present legal conclusions and questions of law to be

determined solely by the Court, to which no answer is required. To the extent that a response is

required, Defendant is without knowledge or information sufficient to form a belief as to the truth

of the balance of the allegations in Paragraph 7, which are therefore denied.

8.      The allegations of Paragraph 8 present legal conclusions and questions of law to be

determined solely by the Court, to which no answer is required. To the extent that a response is

required, Defendant is without knowledge or information sufficient to form a belief as to the truth

of the balance of the allegations in Paragraph 8, which are therefore denied.

## THE PARTIES

9.      Denied.  Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 9, which are therefore denied.

10.     Denied.  The allegations of Paragraph 10 present legal conclusions and questions

of law to be determined solely by the Court, to which no answer is required. To the extent that a

response is required, Defendant is without knowledge or information sufficient to form a belief as

to the truth of the balance of the allegations in Paragraph 10, which are therefore denied.

11.     Admitted in part; denied in part.  Defendant admits only that, at certain times,

Defendant conducted business with the Debtor on account of which such Debtor was indebted to

Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the

truth of the balance of the allegations in Paragraph 11, which are therefore denied.

**BACKGROUND**

12.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, which are therefore denied.

13.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, which are therefore denied.

14.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, which are therefore denied.

15.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, which are therefore denied.

16.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, which are therefore denied.

17.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, which are therefore denied.

18.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, which are therefore denied.

19.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, which are therefore denied.

20.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, which are therefore denied.

21.     Denied.  The allegations of Paragraph 21 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 21, which are therefore denied.

22.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, which are therefore denied.

23.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, which are therefore denied.

24.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, which are therefore denied.

## CLAIMS FOR RELIEF

## COUNT I

### (Avoidance of Preferential Transfers—11 U.S.C. Section 547)

25.     Defendant incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

26.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, which are therefore denied.

27.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, which are therefore denied.

28.     Admitted in part; denied in part.  Defendant admits only that, at certain times, Defendant conducted business with the Debtor on account of which such Debtor is indebted to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 28, which are therefore denied.

29.     Denied.  The allegations of Paragraph 29 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 29, which are therefore denied.

30.     Admitted in part; denied in part.  Defendant admits only that, at certain times, Defendant conducted business with the Debtor on account of which such Debtor is indebted to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 30, which are therefore denied.

31.     Denied.  The allegations of Paragraph 31 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 31, which are therefore denied.

32.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, which are therefore denied.

33.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, which are therefore denied.

34.     Denied.  The allegations of Paragraph 34 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 34, which are therefore denied.

35.     Denied.  The allegations of Paragraph 35 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 35, which are therefore denied.

## COUNT II

### (Avoidance of Fraudulent Transfers—11 U.S.C. Section 548(a)(1)(B))

36.     Defendant incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

37.     Denied.  The allegations of Paragraph 37 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 37, which are therefore denied.

38.     Denied.  The allegations of Paragraph 38 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 38, which are therefore denied

## COUNT III

### (Recovery of Avoided Transfers—11 U.S.C. Section 550)

39.     Defendant incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

40.     Denied.  The allegations of Paragraph 40 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 40, which are therefore denied.

41.     Denied.  The allegations of Paragraph 41 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as

to the truth of the balance of the allegations in Paragraph 41, which are therefore denied.

42.    Denied.  The allegations of Paragraph 42 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 42, which are therefore denied.

## COUNT V

### (Disallowance of All Claims—11 U.S.C. Section 502)

43.    Defendant incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

44.    Denied.  The allegations of Paragraph 44 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 44, which are therefore denied.

45.    Denied.  The allegations of Paragraph 45 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 45, which are therefore denied.

46.    Denied.  The allegations of Paragraph 46 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 46, which are therefore denied.

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

### FIRST AFFIRMATIVE DEFENSE

47.     The relief requested in the Complaint should be denied to the extent any alleged transfer(s) were intended by the Debtor(s) and Defendant, to or for whose benefit such transfer(s) were made, to be a contemporaneous exchange for new value given to the Debtor(s); and was in fact a substantially contemporaneous exchange pursuant to 11 U.S.C. § 547(c)(1).

### SECOND AFFIRMATIVE DEFENSE

48.     The relief requested in the Complaint should be denied, pursuant to 11 U.S.C. § 547(c)(2), to the extent any alleged transfer(s) were made in payment of debts incurred by the Debtor(s) in the ordinary course of business or financial affairs of the Debtor(s) and Defendant, and were made: (1) in the ordinary course of business or financial affairs of the Debtor(s) and Defendant, or (2) were made according to ordinary business terms.

### THIRD AFFIRMATIVE DEFENSE

46.     The relief requested in the Complaint should be denied, pursuant to 11 U.S.C. § 547(c)(4), to the extent Defendant subsequently gave new value to or for the benefit of the Debtor(s) which was not secured by an otherwise unavoidable security interest and on account of which new value the Debtor(s) did not make an otherwise avoidable transfer to or for the benefit of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

47.     The relief requested in the Complaint should be denied to the extent the Debtor(s) was solvent when any alleged transfer(s) were made, and were not rendered insolvent by any of the alleged transfer(s).

**FIFTH AFFIRMATIVE DEFENSE**

48.     The relief requested in the Complaint should be denied to the extent: (i) the Plaintiff or the Debtor(s) objected to any claim by Defendant, or (ii) Defendant has a scheduled claim, a valid proof of claim, or is entitled to an administrative claim against the estates of the Debtor(s) or any affiliated Debtor(s); and Defendant expressly reserves its rights to set-off any of its claims against the alleged transfer(s).

**SIXTH AFFIRMATIVE DEFENSE**

49.     The relief requested in the Complaint should be denied, in whole or part, to the extent the transfer(s) in question are subject to the doctrine of setoff.

**SEVENTH AFFIRMATIVE DEFENSE**

50.     The relief requested in the Complaint should be denied to the extent that Defendant provided reasonably equivalent value for the alleged transfer(s).

**EIGHTH AFFIRMATIVE DEFENSE**

51.     The relief requested in the Complaint should be denied in whole or in part to the extent the transfer(s) were not made on account of an antecedent debt.

**NINTH AFFIRMATIVE DEFENSE**

52.     The relief requested in the Complaint should be denied to the extent that the transfer(s) did not enable Defendant to receive more than it would have received if this case were a case under chapter 7 of the Bankruptcy Code.

**RESERVATION OF DEFENSES**

53.     Defendant gives notice that it intends to rely upon any other defenses that may become available or apparent during investigation and discovery and reserves the right to assert

additional defenses and affirmative defenses, as they become known through investigation and discovery.

## RULE 7008 STATEMENT

54.     Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Defendant consents to the entry of a final order or judgment by the bankruptcy court.

WHEREFORE, Defendant respectfully requests the following relief from the Court:

(a)     that the Complaint be dismissed in its entirety, with prejudice;

(b)     that any proof of claim filed by Defendant in the Debtors' bankruptcy cases be allowed and paid forthwith;

(c)     that Defendant be awarded its attorneys' fees incurred in connection herewith, as well as the costs of suit and litigation expenses; and

(d)     that Defendant have such other and further relief that this Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank.*]

Dated: July 21, 2025

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*/s/ Michael A. Ingrassia*
Michael A. Ingrassia (No. 7068)
600 North King Street, Suite 800
Wilmington, DE 19801
Phone: 302-467-4503
Fax:    302-467-4550
Email:   ingrassiam@whiteandwilliams.com

-and-

James C. Vandermark
1650 Market Street, Suite 1800
Philadelphia, PA 19103
Telephone: (215) 864-6857
Email:vandermarkj@whiteandwilliams.com

*Attorneys for Defendant LLC*